```
IN THE UNITED STATES DISTRICT COURT
   FOR THE WESTERN DISTRICT OF TENNESSEE
              WESTERN DIVISION
```

| | |
|---|---|
| GOLDIE LACEY and )<br>DIANNE LACEY, )<br>  )<br>    Plaintiffs, )<br>  )<br>vs. )<br>  )<br>WELLS FARGO BANK, N.A., )<br>WILSON & ASSOCIATES, PLLC, )<br>  )<br>    Defendants. ) | No. 14-2091-SHL/tmp |

**REPORT AND RECOMMENDATION**

Before the court is the Motion to Dismiss filed by defendant Wilson & Associates, PLLC ("Wilson") on September 12, 2014. (ECF No. 16.) On September 29, 2014, plaintiffs Goldie Lacey and Dianne Lacey (the "Laceys") filed a document titled "Motion to Dismiss Defendants Motion to Dissmiss [sic] and Memorandum in Support," which this court construes as a response in opposition to Wilson's motion. (ECF No. 18.) Wilson filed a reply on September 29, 2014. (ECF No. 21.) For the reasons below, it is recommended that Wilson's motion be granted.

**I. PROPOSED FINDINGS OF FACT**

This action relates to a non-judicial foreclosure of real property located at 7252 Shady Oaks Drive, in Bartlett, Tennessee. ("Property"). According to the complaint, on September 14, 2011, the Laceys received a written notice from Wilson, informing them

that the Property was in foreclosure and that Wilson had been retained by defendant Wells Fargo Bank, N.A ("Wells Fargo"), to handle the foreclosure proceedings. The notice indicated that the Property would be sold at auction on October 14, 2011. The complaint alleges that the Laceys sent several Qualified Written Requests ("QWRs") to Wells Fargo. Through the QWRs, the Laceys requested that Wells Fargo investigate and conduct an audit on the account in order to "validate the debt so that it is accurate to the penny." The Laceys allege that the defendants either did not respond to the QWRs or did not respond appropriately. The complaint alleges that Wilson and Wells Fargo have violated the Real Estate Settlement Procedure Act, 12 U.S.C. § 2605(e) ("RESPA"), Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), engaged in fraud, violated the Laceys' due process rights, and cannot proceed with the foreclosure because it does not possess the original signed copy of the promissory note.

Wilson argues in its motion to dismiss that the Laceys' complaint does not satisfy the pleading standard under Rule 8 of the Federal Rules of Civil Procedure because the claims asserted by the Laceys cannot be clearly ascertained from the face of the complaint. Wilson further argues that the entire complaint should be dismissed under Rule 12(b)(6), as the Laceys have failed to set forth any facts that would support any claim against Wilson.

## II. PROPOSED CONCLUSIONS OF LAW

**A. Standard of Review**

Rule 8(a)(2) requires "[a] pleading that states a claim for relief" to contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  A complaint violates these provisions when it "is so verbose that the Court cannot identify with clarity the claim(s) of the pleader and adjudicate such claim(s) understandingly on the merits." Harrell v. Dirs. of Bur. of Narcotics & Dangerous Drugs, 70 F.R.D. 444, 446 (E.D. Tenn. 1975); see also Dillard v. Rubin Lublin Suarez Serrano, No. 12-2182-STA-dkv, 2013 WL 1314399, at *2 (W.D. Tenn. Mar. 28, 2013) (citing Flayter v. Wis. Dep't of Corr., 16 F. App'x 507, 509 (7th Cir. 2001) (dismissing 116-page complaint pursuant to Rule 8(a)(2)); Vicom v. Harbridge Merch. Servs., Inc., 20 F.3d 771, 775-76 (7th Cir. 1994) (criticizing district court for declining to dismiss amended complaint with prejudice pursuant to Rule 8(a) and noting that "[a] complaint that is prolix and/or confusing makes it difficult for the defendant to file a responsive pleading and makes it difficult for the trial court to conduct orderly litigation); Plymale v. Freeman, No. 90-2202, 1991 WL 54882, at *1 (6th Cir. Apr. 12, 1991) (district court did not abuse its discretion in dismissing with prejudice "rambling" 119-page complaint containing nonsensical claims); Jennings v. Emry, 910 F.2d 1434, 1436 (7th Cir. 1990) ("A . . . complaint must be presented with intelligibility sufficient for a court or opposing party to

understand whether a valid claim is presented and if so what it is. And it must be presented with clarity sufficient to avoid requiring a district court or opposing party to forever sift through its pages in search of that understanding.") (citations omitted)).

In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Rule 12(b)(6) of the Federal Rules of Civil Procedure, as stated in <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678-79 (2009), and <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555-57 (2007), are applied. <u>Hill v. Lappin</u>, 630 F.3d 468, 470B71 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" <u>Williams v. Curtin</u>, 631 F.3d 380, 383 (6th Cir. 2011) (quoting <u>Iqbal</u>, 556 U.S. at 681) (alteration in original). "[P]leadings that . . . are no more than conclusions[] are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." <u>Iqbal</u>, 556 U.S. at 679; <u>see also</u> <u>Twombly</u>, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"*Pro se* complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." Williams, 631 F.3d at 383 (internal quotation marks omitted). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989); see also Brown v. Matauszak, 415 F. App'x 608, 613 (6th Cir. 2011) ("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading") (internal quotation marks omitted); Payne v. Sec'y of Treas., 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); cf. Pliler v. Ford, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."); Young Bok Song v. Gipson, 423 F. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.")

**B.  Claims**

1. RESPA

In enacting RESPA

> Congress's intent was "to insure that consumers throughout the Nation are provided with greater and more timely information on the nature and costs of the settlement process and are protected from unnecessarily high settlement charges caused by certain abusive practices that have developed in some areas of the country."

Marais v. Chase Home Fin., LLC, No. 2:11-cv-314, 2014 WL 2515474, at *5 (S.D. Ohio June 4, 2014) (quoting Vega v. First Fed. Sav. & Loan Ass'n of Detroit, 622 F.2d 918, 923 (6th Cir. 1980) and 12 U.S.C. § 2601(a)). "Although the 'settlement process' targeted by the statute was originally limited to the negotiation and execution of mortgage contracts, the scope of the statute's provisions was expanded in 1990 to encompass loan servicing." Marais, 2014 WL 2515474, at *5 (quoting Medrano v. Flagstar Bank, FSB, 704 F.3d 661, 665–66 (9th Cir. 2012) (citations omitted)). "As a remedial statute, RESPA is construed broadly to effectuate its purposes." Marais, 2014 WL 2515474, at *5 (citing Carter v. Welles-Bowen Realty, Inc., 553 F.3d 979, 985–86, n.5 (6th Cir. 2009)); see also Medrano, 704 F.3d at 665–66 (citations omitted) (internal quotation marks omitted) ("RESPA's provisions relating to loan servicing procedures should be construed liberally to serve the statute's remedial purpose."). Under RESPA, a QWR is a written request, other than notice on a payment coupon or other payment medium supplied by the servicer, that includes the name and account

of the borrower, and a statement of the reasons for the belief of the borrower that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower. 12 U.S.C. § 2605(e)(1)(B). The law places an obligation upon the servicer to respond to a QWR by conducting an investigation and providing the borrower with a written explanation or clarification as to why the servicer believes the account of the borrower is correct or the information sought is unavailable or cannot be obtained, or if the account is incorrect, by making appropriate corrections in the account of the borrower. 12 U.S.C. § 2605(e)(2). Here, none of the sparse factual allegations concerning the alleged inadequate responses to the QWRs relate to defendant Wilson. Therefore, the court submits that any alleged RESPA claim against Wilson should be dismissed.

    2.    <u>FDCPA</u>

On page 5 of the complaint, the Laceys reference "Title 62 of the Revised Statutes of the fair Debt Collection Act." This conclusory reference to a violation of the FDCPA is not sufficient to state a plausible claim under the Act. The complaint further fails to support its FDCPA claim with any factual allegations of wrongdoing on the part of Wilson. Therefore, it is recommended that any FDCPA claims brought against Wilson be dismissed.

    3.    <u>Fraud</u>

To comply with Federal Rule of Civil Procedure 9(b), a

complaint alleging a fraudulent representation "must '(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent.'" Frank v. Dana Corp., 547 F.3d 564, 570 (6th Cir. 2008) (quoting Gupta v. Terra Nitrogen Corp., 10 F. Supp. 2d 879, 883 (N.D. Ohio 1998)). A plaintiff must, "[a]t a minimum . . . allege the time, place and contents of the misrepresentations." Id. (citing Bender v. Southland Corp., 749 F.2d 1205, 1216 (6th Cir. 1984)). "Generalized and conclusory allegations that the Defendants' conduct was fraudulent do not satisfy Rule 9(b)." Bovee v. Coopers & Lybrand C.P.A., 272 F.3d 356, 361 (6th Cir. 2001). A plaintiff who asserts a claim based on a failure to disclose must plead all the elements with particularity. 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1297, at 72–73, 101 (3d ed. 2004).

In the complaint, the Laceys fail to identify any false statement allegedly made by Wilson, nor do they identify the speaker, time, or place of any false representation. Accordingly, the Laceys fail to plead fraud with the particularity required by Rule 9. Therefore, the complaint fails to state a claim for fraud.

    4.   Due Process

The Laceys' complaint alleges that defendant is "attempting to violate plaintiffs' V Amendment guarantees of the Constitution for

the United States right to due process protections by attempting to seize plaintiffs' real property through a non-judicial foreclosure and sale by auction." (ECF No. 1.) The Laceys have not invoked 42 U.S.C. § 1983, which redresses violations of the United States Constitution. In any event, a claim for constitutional violations of due process requires an allegation of unlawful action by the government; such an action cannot be maintained against private parties. Pub. Utils. Comm'n of D.C. v. Pollak, 343 U.S. 451, 461 (1952). Wilson is a private party. The "strong consensus of federal and state courts, including the Sixth Circuit" is "that non-judicial foreclosures do not involve [governmental] action." Gilkey v. Wells Fargo Bank, N.A., No. 12-2965, 2013 WL 4432163, at *7 (W.D. Tenn. Aug. 16, 2013) (quoting Angeline Renee Drake v. Citimortgage, Inc., No. 1:10-CV-305, 2011 WL 1396774, at *4 (E.D. Tenn. Apr. 13, 2011)). It is recommended that the due process claims be dismissed for failure to state a claim.

   5.  Right to Foreclose

The complaint alleges that the defendants do not possess or own the original promissory note, and thus cannot proceed with the foreclosure. These allegations are not sufficient to comply with Federal Rule of Civil Procedure 8. See Coe v. Homecomings Fin., LLC, 509 F. App'x 520, 521 (6th Cir. 2013) ("Coe also asserts that Homecomings lacked authority to demand foreclosure on his property because Homecomings did not possess or own the original note and

deed of trust. If such an obligation arose under a contract among the parties, the allegations are not sufficiently detailed to comply with Rule 8."); Mhoon v. U.S Bank Home Mortg, No. 12-cv-03053-JPM-tmp, 2013 WL 6858680, at *8 (W.D. Tenn. Dec. 30, 2013); Malone v. U.S. Bank Nat'l Ass'n, No. 12-3019-STA, 2013 WL 392487, at *3 (W.D .Tenn. Jan. 30, 2013). The complaint fails to state a claim based on Wilson's purported lack of the right to foreclose on the Property.

### III. RECOMMENDATION

For the reasons above, it is recommended that all claims against Wilson be dismissed pursuant to Federal Rule of Civil Procedure 8(a) and 12(b)(6).

Respectfully submitted,

s/ Tu M. Pham
TU M. PHAM
United States Magistrate Judge

October 7, 2014
Date

### NOTICE

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. ANY PARTY MAY RESPOND TO ANOTHER PARTY=S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. 28 U.S.C. ' 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**