```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE WESTERN DISTRICT OF TENNESSEE
                         WESTERN DIVISION
```
_____

GOLDIE LEE LACEY            )
DIANNE LACEY,               )
                            )
    Plaintiffs,             )
                            )        Civil No. 14-2091-SHL-tmp
v.                          )
                            )
WELLS FARGO, N.A. and       )
WILSON & ASSOCIATES, P.L.L.C, )
                            )
    Defendants.             )
_____

                     **REPORT AND RECOMMENDATION**
_____

Plaintiffs Goldie Lee Lacey and Dianne Lacey ("Plaintiffs") filed a complaint on February 5, 2014, relating to a non-judicial foreclosure of real property located at 7252 Shady Oaks Drive, in Bartlett, Tennessee ("Property"). (ECF No. 1.) According to the complaint, on September 14, 2011, Plaintiffs received a written notice from Wilson & Associates, P.L.L.C. ("Wilson"), informing them that the Property was in foreclosure and that Wilson had been retained by defendant Wells Fargo Bank, N.A ("Wells Fargo"), to handle the foreclosure proceedings. The notice indicated that the Property would be sold at auction on October 14, 2011. The complaint alleges that Plaintiffs sent several Qualified Written Requests ("QWRs") to Wells Fargo. Through the QWRs, Plaintiffs requested that Wells Fargo

investigate and conduct an audit on the account in order to "validate the debt so that it is accurate to the penny." Plaintiffs allege that the defendants either did not respond to the QWRs or did not respond appropriately. The complaint alleges that Wilson and Wells Fargo have violated the Real Estate Settlement Procedure Act, 12 U.S.C. § 2605(e) ("RESPA"), Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), engaged in fraud, violated Plaintiffs' due process rights, and cannot proceed with the foreclosure because it does not possess the original signed copy of the promissory note.

On the same day the complaint was filed, Goldie Lee Lacey filed a motion to proceed *in forma pauperis*. (ECF No. 2.) On February 18, 2014, Plaintiffs filed a signed Agreement to Receive Notice of Electronic Filing at the email address babydeener@aol.com. (ECF No. 4.) On February 24, 2014, the court granted Goldie Lee Lacey's Motion to proceed *in forma pauperis*. (ECF No. 5.) Because Dianne Lacey did not submit a signed *in forma pauperis* affidavit, the court ordered Dianne Lacey to file a signed *in forma pauperis* affidavit or pay the $400 filing fee to the clerk. (ECF No. 5.) On February 27, 2014, Dianne Lacey filed a motion with a properly completed and executed *in forma pauperis* affidavit, which the court granted. (ECF Nos. 6 & 7.)

On July 30, 2014, the court ordered the Clerk of Court to issue service of process upon the defendants. (ECF No. 10.) The court also noted that at least one document sent to the Plaintiffs' address had been returned as undeliverable and ordered Plaintiffs to notify the Clerk of Court of their current mailing address within fourteen days. (ECF No. 10.) On August 13, 2014, the Plaintiffs filed a Notice of Change of Address, indicating their address as 6025 Stage Road, Suite 42-154, Bartlett, TN 38134. (ECF No. 13.)[1]

On September 17, 2014, the court mailed notice to the parties that a scheduling conference pursuant to Rule 16(b) of the Federal Rules of Civil Procedure was set for October 16, 2014. (ECF No. 17.) The notice was mailed to Plaintiffs at the

---

[1] Other actions taken in this case include: Defendant Wilson filed a motion to dismiss on September 12, 2014. (ECF No. 16.) The Plaintiffs responded in opposition on September 29, 2014. (ECF No. 18.) The undersigned issued a report recommending that Wilson's motion be granted on October 7, 2014. (ECF No. 24.) Plaintiffs did not file objections to the report and recommendation, and the district court entered an order adopting the report and recommendation and dismissing Plaintiffs' claims against Wilson on October 30, 2014. (ECF No. 29.)
On September 29, Plaintiffs filed a "Discovery Plan," indicating that Goldie Lee Lacey had spoken by phone with Jerry Morgan, counsel for Wilson, and that the parties had agreed to some discovery deadlines. (ECF No. 19.) The Plaintiffs also filed a "Notice of Refusal," apparently to alert the court that the Plaintiffs wanted to meet in person with Mr. Morgan, but he refused to do so. (ECF No. 20.) Additionally, the Plaintiffs filed a document purporting to inform the court that Goldie Lee Lacey was a member of "the Ministry of Consulate of Moorish XI Anu of Chakchiuma" and threatening "International court action" against the undersigned. (ECF No. 23.)

address they had provided, 6025 Stage Road.  On October 16, 2014, Plaintiffs failed to appear for the scheduling conference.  On October 20, 2014, the court entered an Order to Show Cause and ordered Plaintiffs to appear on October 30, 2014, for the scheduling conference.  (ECF No. 26.)  The order stated that "Plaintiffs are warned that failure to comply with this order may result in a recommendation that their case be dismissed without further notice."  (ECF No. 26.)  After the court entered the Order to Show Cause, plaintiff Goldie Lee Lacey filed a document styled, "Notice of Non Appearance," stating that he was not present at the October 16 conference due to a family emergency in Nashville, Tennessee, on Wednesday, October 15, and that he was late getting back for the conference.  (ECF No. 27.)  Mr. Lacey also stated that he thought the conference was on October 17, instead of October 16.  (ECF No. 27.)  Mr. Lacey further stated that "[t]he reasons at hand are from excusable neglect and what the court decided or another hearing day will suffice and I will make sure to attend in the interest of justice."  (ECF No. 27.)

Pursuant to the Order to Show Cause, on October 30, 2014, a second scheduling conference was held.  However, the plaintiffs again failed to appear as ordered.  As a result, on November 3, 2014, the court entered a Second Order to Show Cause, directing Plaintiffs to appear in person at the scheduling conference set

for November 20, 2014.  (ECF No. 31.)  Plaintiffs were again warned that failure to appear for the scheduling conference would result in dismissal of their case with prejudice for failure to prosecute.  Despite these warnings, on November 20, 2014, Plaintiffs failed to appear for the scheduling conference.

Rule 41(b) provides for dismissal of actions "[f]or failure of the plaintiff to prosecute or to comply with [the Federal Rules of Civil Procedure] or any other order of the court . . . ."  Fed. R. Civ. P. 41(b).  A Rule 41(b) dismissal "operates as an adjudication upon the merits."  Id.  The authority to dismiss a case under Rule 41(b) "is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties."  Knoll v. American Tel. & Tel. Co., 176 F.3d 359, 363 (6th Cir. 1999) (citations and internal quotations omitted).  The United States Supreme Court has recognized that

> [n]either the permissive language of the Rule – which merely authorizes a motion by the defendant – nor its policy requires us to conclude that it was the purpose of the Rule to abrogate the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief.  The authority of the court to dismiss *sua sponte* for lack of prosecution has generally been considered an "inherent power," governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.

Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962). District courts are permitted substantial discretion in determining whether dismissal is appropriate. Knoll, 176 F.3d at 363; Harmon v. CSX Transp., Inc., 110 F.3d 364, 366 (6th Cir. 1997).

The Sixth Circuit has articulated four factors to be addressed by the court in assessing whether dismissal for failure to prosecute is warranted: (1) whether the party's failure was the result of willfulness, bad faith, or fault; (2) whether the opposing party suffered prejudice due to the party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. Mulbah v. Detroit Bd. of Educ., 261 F.3d 586, 589 (6th Cir. 2001). Prior notice to the party that his failure to cooperate may result in dismissal is important to support the sanction. Vinci v. Consol. Rail Corp., 927 F.2d 287, 288 (6th Cir. 1991) (per curiam).

With regard to the first and second factors, while "it is not clear whether plaintiffs' failure to prosecute is due to willfulness, bad faith, or fault, . . . defendants cannot be expected to defend an action which plaintiff has apparently abandoned, not to mention the investment of time and resources expended to defend this case." White v. Bouchard, No. 05-73718, 2008 WL 2216281, at *5 (E.D. Mich. May 27, 2008); see also

Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962). District courts are permitted substantial discretion in determining whether dismissal is appropriate. Knoll, 176 F.3d at 363; Harmon v. CSX Transp., Inc., 110 F.3d 364, 366 (6th Cir. 1997).

The Sixth Circuit has articulated four factors to be addressed by the court in assessing whether dismissal for failure to prosecute is warranted: (1) whether the party's failure was the result of willfulness, bad faith, or fault; (2) whether the opposing party suffered prejudice due to the party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. Mulbah v. Detroit Bd. of Educ., 261 F.3d 586, 589 (6th Cir. 2001). Prior notice to the party that his failure to cooperate may result in dismissal is important to support the sanction. Vinci v. Consol. Rail Corp., 927 F.2d 287, 288 (6th Cir. 1991) (per curiam).

With regard to the first and second factors, while "it is not clear whether plaintiffs' failure to prosecute is due to willfulness, bad faith, or fault, . . . defendants cannot be expected to defend an action which plaintiff has apparently abandoned, not to mention the investment of time and resources expended to defend this case." White v. Bouchard, No. 05-73718, 2008 WL 2216281, at *5 (E.D. Mich. May 27, 2008); see also

Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962). District courts are permitted substantial discretion in determining whether dismissal is appropriate. Knoll, 176 F.3d at 363; Harmon v. CSX Transp., Inc., 110 F.3d 364, 366 (6th Cir. 1997).

The Sixth Circuit has articulated four factors to be addressed by the court in assessing whether dismissal for failure to prosecute is warranted: (1) whether the party's failure was the result of willfulness, bad faith, or fault; (2) whether the opposing party suffered prejudice due to the party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. Mulbah v. Detroit Bd. of Educ., 261 F.3d 586, 589 (6th Cir. 2001). Prior notice to the party that his failure to cooperate may result in dismissal is important to support the sanction. Vinci v. Consol. Rail Corp., 927 F.2d 287, 288 (6th Cir. 1991) (per curiam).

With regard to the first and second factors, while "it is not clear whether plaintiffs' failure to prosecute is due to willfulness, bad faith, or fault, . . . defendants cannot be expected to defend an action which plaintiff has apparently abandoned, not to mention the investment of time and resources expended to defend this case." White v. Bouchard, No. 05-73718, 2008 WL 2216281, at *5 (E.D. Mich. May 27, 2008); see also

Mohammed v. Fed. Home Loan Mortg. Corp., No. 14-CV-10039, 2014 WL 5817288, at *2 n.2 (E.D. Mich. Nov. 10, 2014). The defendants have suffered prejudice as they have retained counsel and expended the cost of attending the multiple scheduled show cause hearings and scheduling conferences, which Plaintiffs failed to attend. See Carthon v. Cent. State Unvi., 290 F.R.D. 83, 87 (S.D. Ohio 2013) (citing Schafer v. City of Defiance Police Dep't, 529 F.3d 731, 737 (6th Cir. 2008; Rogers v. City of Warren, 302 F. App'x 371, 377-78 (6th Cir. 2008)) (finding that defendant had suffered prejudice in part because plaintiff failed to participate in court-ordered status conferences). Plaintiffs were warned that their case would be dismissed if they failed to appear as directed, and under the circumstances, the court submits that no sanction short of dismissal will cure their failure to prosecute this matter. Therefore, the court recommends that Plaintiffs' complaint be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b). See Lee v. Glaxosmithkline, LLC, No. 2:12-cv-02393-JTF-cgc, 2014 WL 691192, at *2 (W.D. Tenn. Feb. 21, 2014) (dismissing for failure to prosecute because plaintiff had "failed to comply with several orders of the Court including to appear at a Rule 26(b) scheduling conference and to respond to an Order to Show Cause"); Marchand v. Smith & Nephew, No. 11-2611-STA-cgc, 2013 WL 6780559, at *3 (W.D. Tenn. Dec. 19, 2013) (dismissing case

for failure to prosecute when plaintiff failed to respond to discovery requests and did not appear for a scheduling conference); McGuire v. Mortg. Elec. Registragion Sys., No. 09-14917, 2010 WL 4386970, at *2 (E.D. Mich. Sept. 29, 2010) (dismissing for failure to prosecute after plaintiffs repeatedly failed to attend scheduling conferences, file witness lists, or respond to orders to show cause).

Respectfully submitted,

s/ Tu M. Pham
TU M. PHAM
United States Magistrate Judge

November 20, 2014
Date


**NOTICE**

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**